REA ET AL., APPELLANTS, *v.* ALFALFA PRODUCTS CO.
ET AL., RESPONDENTS.

(No. 3,706.)

(Submitted September 23, 1916. Decided December 7, 1916.)

[161 Pac. 708.]

*Contracts—Breach—Evidence—Rebuttal—Proper Rejection—*
*Trial—Instructions—Technical Error—Effect.*

Appeal—Evidence—Admissibility—Technical Error.
  1.  Technical error in the reception of evidence as to facts admitted
  does not command a reversal.
Contracts—Breach—Agency—Evidence—Admissibility.
  2.  In an action for breach of a contract for the feeding of sheep,
  admission of evidence that defendants had impressed upon plain-
  tiffs' agent in charge of the sheep that payment of feeding charges
  would have to be made monthly as required by the contract, was
  not reversible error.
Appeal and Error—Rebuttal—Evidence—Proper Rejection.
  3.  Rejection of testimony in rebuttal was not error where there
  was nothing to rebut.
Same—Trial—Evidence—Comment upon, by Court.
  4.  The rule forbidding trial judges from commenting on the evi-
  dence during trial does not apply where counsel, to whom the judge
  remarked that the facts he was incorporating in a question to a

(90)

witness were not as he stated them, was assuming a state of facts not warranted by the evidence.

[As to what is deemed to be invasion by the court of the province of the jury, see note in 14 **Am. St. Rep.** 36.]

Trial—Instructions—Immaterial Modification.
5. In an action for breach of a contract to feed sheep, where plaintiff alleged defendant's delay in constructing yards and corrals, the substitution of "reasonable" for "reasonably short" in an instruction, with reference to the time in which the construction should be completed, was not error.

Same—Offered Instruction—Proper Refusal.
6. An offered instruction based on facts not shown by the evidence was properly refused.

Contracts—Breach—"Cancellation" — Instructions — Technical    Error — Effect.
7. Where the question of the cancellation of a contract was not involved in an action for damages for its breach, the technical misuse of the term "cancellation" in an instruction was not sufficient to reverse the judgment where from the charge as a whole the jury must have understood that the term was used in the sense that defendants were not bound to continue after plaintiffs breached the contract by an unjustifiable failure to pay a previous monthly bill.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by James Rea and William Rea, Jr., copartners doing business as Rea Bros., against the Alfalfa Products Company, a corporation, and another. From a judgment for defendants, and an order denying a new trial, plaintiffs appeal. Affirmed.

*Mr. F. B. Reynolds,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Grimstad, Brown & Manning,* for Respondents, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Action to establish a claim for damages for breach of contract. The substance of the complaint is: That prior to November 1, 1913, the plaintiffs entered into a written contract with the defendant Alfalfa Products Company (now bankrupt), whereby the latter agreed that it would on or about said date complete yards and corrals at Big Timber so as to take for feeding, and would take and there feed upon its special product

"mollasafal," certain of plaintiffs' sheep until the same should be ready for market, at a stipulated price per ton for feed furnished; that pursuant to said contract plaintiffs shipped to Big Timber 8,652 sheep, but the company did not have its yards completed or take said sheep for feeding until December 11, 1913, and did not thereafter furnish for said sheep more than one-half enough feed—in consequence of which plaintiffs were obliged to do with feed of inferior quality or inferior quantity, and were finally compelled on January 14, 1914, to sell the sheep at a price at least $1 per head less than they would have been worth, had the contract been performed. The damages are laid in gross at $8,652.

In addition to the general issue, the answer presents: That after said contract was entered into, and prior to November 1, 1913, the plaintiffs waived the reception of said sheep on that date, and granted to the defendant company an extension for the completion of its yards and corrals until such time as it could procure the necessary materials, delayed without its fault; that pursuant to such extension, the plaintiffs made arrangements satisfactory to them for the pasturage of their sheep near Big Timber in the meantime, and shipped said sheep to Big Timber on November 8, 1913, for such pasturage; that the sheep were taken by the defendant company on December 4, 1913, and were fed and cared for until January 14, 1914; that although the contract called for payment on the first day of each calendar month for all feed furnished during the month preceding, the plaintiffs failed on January 1, 1914, or thereafter, to pay for the feed furnished in December, 1913, and have also failed and refused to pay for any of the feed furnished to their sheep by the company.

The affirmative allegations of the answer were denied by the reply, and the cause was brought to trial before a jury whose verdict was for the defendants. Judgment followed accordingly, and from this, as also from an order afterward made denying their motion for a new trial, the plaintiffs have appealed.

The verdict is confessedly justified by the evidence, but a reversal is sought for error in respect of the following:

I.   Rulings admitting evidence to the effect that while the plaintiffs' sheep were being fed by the defendant company, [1] sheep belonging to one Arnold and some lambs belonging to Glenn Parker were also being fed by the defendant company on mollasafal, and did well.   As to Arnold's sheep, it was made to appear that they had been fed and handled substantially the same as the plaintiffs' sheep, so that there was a sufficient showing of parity in conditions to authorize the evidence even if it tended to prove that plaintiffs' sheep were sufficiently fed.   The true effect of the evidence, however, as to both the Arnold sheep and the Parker lambs was merely to confirm what the parties themselves had admitted, *viz.*, that mollasafal was a satisfactory food; and while it is technical error to receive evidence of facts admitted, such error does not command a reversal.   (Rev. Codes, sec. 6593.)

II.   Rulings permitting the defendants to show that after January 1, 1914, they had impressed upon Mr. Petrie, the man [2] in charge of plaintiffs' sheep, that they could not buy the syrup necessary to make up the feed without money, and the bill for the December feed would have to be paid.   We see neither harm nor error in this.   That the company might need or want its money and might not feel obliged to go on indefinitely without it was a fact of which the plaintiffs could take notice without any communication, in view of the contract itself. Moreover, Petrie was not merely an employee of plaintiffs charged with the physical direction of the sheep; he was the plaintiffs' agent to speak, and, if necessary, to give directions or to complain for them relative to the feeding, and, of necessity, to receive for and convey to them such information as the defendant company had to give concerning such feeding or concerning any reasons which might exist for the stoppage thereof.

III.   Rulings rejecting evidence touching the weight of the [3] sheep when received, offered in rebuttal.   The plaintiffs had presented testimony in their case in chief giving the average

weight of all the sheep; so, likewise, had the defendants in their case, and the question was for the jury. The evidence offered in rebuttal was intended to show that only the light end of the sheep had been weighed, and thus by inference to contradict the testimony as previously given on both sides. There was no claim of mistake to be rectified, and we think under the circumstances the rulings were proper.

IV. Rulings rejecting testimony offered in rebuttal, to the effect that the sheep were not sold or shipped pursuant to the demands of the mortgagee thereof. While it was alleged in the answer that the sheep were sold or shipped pursuant to the demands of the mortgagee and not because of any failure of defendants, there was no proof to support this allegation, and therefore nothing to rebut by the evidence offered.

V. The remarks of the court addressed to counsel while sustaining an objection. Counsel for plaintiffs in asking a question [4] about a certain alleged conversation, had assumed a state of facts as applicable to the conversation he had in mind, which pertained to another and different one, and the court remarked, "That wasn't the testimony, Judge Reynolds." In what tone or with what manner this was said we do not know, but the words were justified. The supposed rule forbidding trial judges from commenting on the evidence has no application to a situation like this. It is the duty of the court to see that witnesses are not misled and that the evidence is not misapplied, and this action of the court, so far as it is disclosed by the record, meets our approval.

VI. Rulings on Instructions:

(a) The modifications of plaintiffs' offered instruction No. 4 [5] were not objectionable. The substitution of "reasonable" for "reasonably short," as applied to the time after November 1, 1913, within which the company should by the contract have completed its yards, worked no essential change, while the interpolation of the clause relating to the waiver was a laudable attempt to state the whole law applicable to the delay feature without needless and confusing repetition.

(b) On the facts presented by this record, offered instruction No. 5 was misleading and properly refused. The essence of it, so far as proper, was sufficiently stated elsewhere in the charge.

(c) Plaintiffs' offered instruction No. 7 was intended to ad- **[6]** vise the jury touching plaintiffs' claim to an offset on January 1, 1914; but it is predicated on two mistakes of fact, *viz.:* The assumption that there was evidence to warrant the inference of damages to plaintiffs' sheep at that time greater in amount than the feed bill, and that there was a balance due from the company to the plaintiffs for feed furnished in December. The court was therefore under no obligation to give the instruction as offered, even though the reason assigned for such refusal may not have been tenable.

(d) Plaintiffs assail instruction No. 7 as given to the jury, **[7]** because of a technical misuse and misapplication of the term "cancellation," cancellation not being involved in the case. Granting this, we are at a loss to see how the plaintiffs could have suffered any injury from the instruction, since its obvious meaning, taken in connection with the rest of the charge, is that if the plaintiffs by an unjustifiable refusal to pay for the December feed had breached the contract, the defendant company was under no necessity to go on with it.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.