LARSON, RESPONDENT, v. GREAT FALLS CITY LINES, INC., APPELLANT.

No. 8710

Submitted February 18, 1947. Decided March 25, 1947.

178 Pac. (2d) 410

594

Mr. H. B. Hoffman, of Great Falls, for appellant.

Mr. E. J. Stromnes and Messrs. Swanberg & Swanberg, all of Great Falls, for respondent.

MR. JUSTICE CHOATE delivered the opinion of the Court.

This is an action to recover damages for personal injuries allegedly sustained by plaintiff while a passenger on defendant's bus. Plaintiff was awarded judgment for $5,000 general and $219.03 special damages. A motion for a new trial was made and submitted on affidavits and counter-affidavits and the files and minutes of the court. The motion was denied and defendant appeals from the judgment.

Defendant assigns five specifications of error. Three of them, Nos. 1, 2 and 4, relate to alleged misconduct of plaintiff's counsel in argument to the jury upon matters which were not proper items for recovery, as well as in attempting to get said matters to the jury during the trial. Specification No. 3 relates to alleged misconduct of the trial court. Specification No. 5 alleges irregularity in the proceedings of the court in not keeping a full record of defendant's objections and exceptions taken during the trial.

We will first consider specifications Nos. 1, 2 and 4 which are of like nature.

· Specification No. 1. This specification is to the effect that ▪ counsel argued to the jury that they should take into consideration the medical expenses incurred by plaintiff at the Mayo Clinic when there was no evidence to warrant the inclusion of such expenses as a proper item of recovery. The language alleged to have been used by counsel does not appear in haec verba in the record. Its general nature, however, is set forth in the affidavits of H. B. Hoffman and L. W. Paul, counsel for defendant, which were filed in support of the motion for new trial. These affidavits are sharply contradicted by those of E. J. Stromnes and S. M. Swanberg, counsel for plaintiff. The trial judge also told the jury in Instruction No. 20 that "there is no competent evidence in this case upon which you can find or fix any doctor's bill from the Mayo Clinic." The judge also included in his order denying the motion for a new trial a statement that during the argument by Mr. Swanberg relating to the Mayo Clinic item, defendant's counsel objected and the court immediately admonished the jury that

596

such item could not be taken into consideration by them. In such condition of the record we shall not put the trial court in error as to the matters contained in Specification No. 1.

Specification No. 2. This assignment is of like character. ██ ██ Defendant complaints that plaintiff's counsel argued to the jury and also tried to get before it during the trial the fact that they might consider as an element of damage the cost of a trip which plaintiff made to Portland to consult a specialist. Plaintiff testified that she went to Portland for said purpose and that the specialist prescribed a course of treatment for her. She did not however produce the doctor whom she consulted nor take his deposition. The affidavits of respective counsel for plaintiff and defendant are in sharp conflict as to what was said in the argument about the expenses of this trip. Mr. Hoffman and Mr. Paul say that counsel for plaintiff, Mr. Swanberg, persisted in commenting on these expenses and, in effect, "argued that plaintiff had not been allowed to prove her doctor's bill in the case." Mr. Stromnes and Mr. Swanberg declared that no such comment was made and that they were merely explaining why the jury could not take such items into account. Mr. Paul, one of the counsel for defendant, also states in his affidavit that Mr. Hoffman objected to Mr. Swanberg's argument about the trip to Portland and that the court then "admonished Mr. Swanberg to stay off that." On sharply conflicting evidence of this character we approve the rule of law stated in Roddy v. American Smelting and Refining Co., 34 Cal. App. (2d) 457, 93 Pac. (2d) 841, to the effect that on conflicting affidavits in support of a motion for new trial the order of the court denying the motion constituted an implied finding against the appellants on the facts. However, even without this presumption we are unable to conclude that any reversible error was committed as respects the matters referred to in Specification No. 2.

Specification No. 4. Appellant asserts that in Mr. Stromnes' ██ closing argument he told the jury that defendant had the evidence of an examination (of plaintiff) by a doctor of its

own choice but that it had withheld it, when there was in fact no such evidence in the record. Mr. Stromnes makes affidavit explaining that he was erroneously of the belief that such evidence had been agreed to and was a part of a stipulation for the taking of a deposition. He states that when his error was called to his attention he promptly acknowledged his mistake to the jury. The trial court, as shown by the order denying the motion for a new trial, admonished the jury during Mr. Stromnes' argument that there "was nothing in the evidence to show that the plaintiff had undergone an examination by a doctor of defendant's choice" and the jury was expressly instructed to disregard counsel's statement.

The rule in regard to granting new trials for improper argument of counsel is stated as follows in 46 C. J. 108, sec. 69: "Generally a new trial will be denied where improper argument has been checked by the court and the jury have been instructed to disregard the improper statement." Citing authorities including Pascoe v. Nelson, 52 Mont. 405, 158 Pac. 317, 318, from which we quote: "Assuming, however, that counsel made the remarks attributed to him, a proper admonition to the jury to disregard them ought to have been sufficient. So long as the jury system is in vogue courts must assume that jurors possess sufficient intelligence and force of character to discharge their duty when properly directed." In the case of Ralph v. MacMarr Stores, 103 Mont. 421, 62 Pac. (2d) 1285, 1291, cited by appellant, this court quoted the following with approval from State v. Navone, 186 Wash. 532, 58 Pac. (2d) 1208, 1211: What would be misconduct in one case might very well be held not to be misconduct in another. Each situation involving the question of misconduct must stand by itself and must be considered in the light of all of its facts and circumstances to the end that verdicts properly arrived at shall not be disturbed and that those verdicts which may have been induced by prejudice or by something beyond the issues shall not be allowed to stand."

The situation presented in this case is readily distinguishable

from that considered in Pilgeram v. Haas, Mont., 167 Pac. (2d) 339, where we held that the court's admonition to the jury could not undo the harm done in reprimanding plaintiff's counsel "where effect of the reprimand was to make a verdict in favor of plaintiff virtually impossible."

The exact language of counsel, of which complaint is made, does not appear in the record but it is plainly evident that the trial court instructed the jury not to allow the expense of the trip to the Mayo Clinic as an item of recovery. As to the trip to Portland the court admonished counsel to "stay off that" and also admonished the jury during Stromnes' argument that there was nothing in the evidence to warrant such statements. There is also sharp conflict in the affidavits of respective counsel concerning what was said and the order of the trial court overruling the motion for new trial and setting forth the facts as he observed them, distinctly corroborates defendant's version of the facts.

Specification No. 3. This assignment relates to alleged misconduct of the trial judge in "manifesting acts of sympathy for plaintiff" during argument of defendant's counsel in which an attack was made upon plaintiff's veracity. Here again the facts as set forth in the affidavits of counsel and in the court's order denying the motion for new trial are in dispute.

Some 14 pages of affidavits are devoted to an account of the occurrence and necessarily any review of same is likely to be assailed on the ground that it does not contain all of the evidence. We think, however, that the following is a fair statement of what transpired. During his argument to the jury Mr. Hoffman of counsel for defendant made an emphatic attack upon the credibility of plaintiff's testimony in which he applied the principle that a witness false in one part of his testimony is to be distrusted in others. During part of this argument plaintiff was seated at the rear of the counsel table immediately behind her counsel. Her husband was seated in one of the spectator's seats toward the rear of the courtroom. While

this argument was going on the judge noticed (according to his order denying the motion for a new trial) "that for some time the plaintiff had been crying but not out loud, that she had been holding her handkerchief to her eyes and was trembling and that in the opinion of the court she was about to break down." The court thereupon called the bailiff to the bench and asked him to suggest to plaintiff's husband that he sit beside his wife and see if he could get her quieted down. Thereupon the bailiff went quietly to where plaintiff's husband was sitting and whispered to him. Plaintiff's husband then came forward and sat beside his wife and whispered to her and within a short time the court noticed that the plaintiff had quieted down and stopped crying. The judge also states that he observed that the jury took no notice of this occurrence with the exception on one juror who merely glanced in the direction of plaintiff and then back to defendant's attorney. The above statement is substantially corroborated by the affidavits of the bailiff, the plaintiff and her husband.

So far as the above incident is concerned we do not consider that it substantiates the charge that the trial court thereby manifested sympathy for plaintiff or that the defendant was prejudiced thereby.

It is undoubtedly the duty of the trial court, as contended by appellant, to refrain from displaying any feeling for or against any party litigant. Egan v. United Railways Co. of St. Louis, Mo. App. 227 S. W. 126, 128. It is also the court's duty to require orderly conduct of the trial and to control so far as possible outbreaks of weeping and the like. Necessarily a large discretion must be vested in the trial court in this regard and the court should not be put in error for its conduct of the trial and its control of witnesses except upon a clear showing of abuse of discretion. Thus in the case of Tom Reed Gold Mines Co. v Berd, 32 Ariz. 479, 260 Pac. 191, 57 A. L. R. 55, cited by appellant, the trial court was sustained in refusing to grant a mistrial in a personal injury suit where a witness "acted hysterically" on the witness stand, "weeping,

and wailing and making motions and professing inability to talk.''

Specification No. 5. This assignment is to the effect that ▮ certain objections and exceptions taken by appellant to the argument of plaintiff's counsel to the jury are omitted from the bill of exceptions. If this be a fact we think appellant is in no position now to avail himself of such omission as a ground for reversal of the judgment. It was appellant's duty to have the bill of exceptions correctly prepared and settled, as required by sections 9390 or 9392, Revised Codes. Because of his failure to do so, the objections and exceptions in question are not before us. Littrell.v. Wilcox, 11 Mont. 77, 82, 27 Pac. 394; Westgate Oil Co. v. McAbee, 181 Okl. 487, 74 Pac. (2d) 1150, 1154.

However, we are confronted with the somewhat unique situation where the court's order denying plaintiff's motion for a new trial contains a lengthy recital of the court's version of the facts pertaining to the alleged improper argument of counsel and the acts of the court which are complained of by appellant. Since this order is before us we have considered and passed upon all of appellant's assignments of error and have treated the affidavits and counter-affidavits on motion for a new trial as properly before us for review.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Mr. Chief Justice Adair, and Associate Justices Angstman, Cheadle, and Metcalf concur.