CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Rick Foley individually, as personal representative of the Estate of Florence Foley, and as Guardian Ad Litem for the Estate of Nichole Foley, a minor, appeals from a jury verdict in the Second Judicial District, Silver Bow County, in favor of defendant Harrison Avenue Motor. We affirm.
The issues are:
1. Whether the District Court improperly commented on the evidence during trial in the presence of the jury.
2. Whether the District Court properly instructed the jury based on the evidence presented and the applicable law.
On March 1, 1988, Florence Foley purchased a 1983 Mercury Cougar from Harrison Avenue Motor Co. (Harrison Avenue) in Butte, Montana. The automobile was five years old and the odometer showed approximately 47,000 miles. Prior to placing the automobile on the lot for sale, Harrison Avenue inspected and serviced the vehicle.
Mrs. Foley used the Mercury Cougar to commute between her home in Butte and her place of employment in Fairmont Hot Springs, Montana. Mrs. Foley drove the Mercury Cougar over 21,000 miles in the fifteen months she owned the vehicle.
On June 10, 1989, Mrs. Foley and a co-worker left Fairmont Hot Springs following their shift and went to a bar in Walkerville, a suburb of Butte. The co-worker testified that Mrs. Foley had several drinks between approximately 5:00 p.m. and 9:30 p.m., at which time the co-worker left the bar with her husband.
On the afternoon of June 11, 1989, Mrs. Foley’s dead body was discovered lying next to the 1983 Mercury Cougar in her closed garage. The car’s ignition switch was in the “oft” position and the driver’s seat was partially reclined. An investigation by the Butte-Silver Bow Law Enforcement Agency uncovered no criminal activity. An autopsy determined that Mrs. Foley died from carbon monoxide poisoning.
*203 An inspection of the Mercury Cougar conducted after Mrs. Foley’s death revealed that approximately eighteen inches of the exhaust system had broken from the rear of the vehicle, resulting in the automobile exhaust discharging near the left wheel-well rather than behind the vehicle. The inspection also uncovered several small holes and separations between the trunk and the left rear quarter panel. The Butte-Silver Bow coroner determined the cause of death to be carbon monoxide poisoning resulting from the faulty exhaust system.
Foley brought this action against Harrison Avenue claiming breach of warranty, negligent infliction of emotional distress, strict liability in tort, and negligence. Harrison Avenue moved for summary judgment on all claims. The court granted Harrison Avenue’s motions for summary judgment on all claims except negligence. The negligence claim was tried by a jury, which returned a verdict in favor of Harrison Avenue. Foley appeals.
Issue 1
Did the District Court improperly comment on the evidence during trial in the presence of the jury?
Foley claims that the District Court improperly commented on the evidence during trial and in the presence of the jury. Foley called an expert witness to testify to the carbon monoxide levels recorded in the Mercury Cougar during tests ran after the accident. Counsel for Harrison Avenue objected to a line of questions concerning federal carbon monoxide emission regulations. Counsel claimed the evidence sought was irrelevant and that there was no evidence in the record which established the Mercury Cougar was in the same condition at the time the tests were ran as when Mrs. Foley bought the vehicle. Counsel for Foley responded to Harrison Avenue’s obj ection by stating that Harrison Avenue had admitted it did not test the Mercury Cougar for emission levels prior to selling the vehicle. He insisted that by failing to determine whether or not the vehicle’s emission complied with federal regulations, Harrison Avenue had brought the federal emission regulations into controversy. The District Court sustained Harrison Avenue’s objection, stating:
Now, just a minute. I realize what Mr. Rask [owner of Harrison Avenue Motor] said, but you haven’t shown that he had a duty to buy the equipment and to do that emissions [testing] and so I’m going to sustain the objection at this point. The question here is whether he did a reasonable inspection.... [T]here is no duty that — does a reasonable inspection include the testing of the emissions *204 from every vehicle that he sells or that sort of thing? And there is no evidence in this record that that’s part of the duty. ... So the objection is sustained.
Counsel for Foley immediately objected, claiming the District Court had improperly commented on the evidence. The judge replied, "... I’m explaining to you why I’m sustaining the objection.”
This Court has long held that a judge should refrain from commenting on the evidence in the presence of the jury. State v. Fuller (1906), 34 Mont. 12, 26, 85 P. 369, 374. However, not every statement made by the court constitutes an impermissible comment on the evidence. The fact that a district judge makes incidental remarks concerning evidence presented at trial in the presence of the jury does not by itself entitle the appellant to relief.
In the instant case, the court’s comments consist of the judge’s rationale for sustaining an objection. The court merely explained to Foley’s counsel why it had sustained Harrison Avenue’s objection. Counsel for Harrison Avenue objected to the line of questioning concerning federal emission standards, claiming such standards were irrelevant. The court explained that since Foley had not presented any evidence that a reasonable inspection by a used car dealer included an emissions test, evidence of emission standards at the time of the sale was irrelevant. The court’s statements were permissible to explain why it felt the line of questioning was improper.
We hold that the District Corut did not improperly comment on the evidence during the trial in the presence of the jury.
Likewise, for a comment by the court to give rise to reversible error, such comment must affect the substantial rights of the party. Rule 61, M.R.Civ.P. When reviewing a claim of improper remarks by a trial judge, we must review the comments in relationship to the record as a whole. Adams v. Davis (1963), 142 Mont. 587, 592, 386 P.2d 574, 577. Although the District Court may have been able to explain its ruling in another manner, Foley has failed to establish how the comments substantially prejudiced his case. The record is void of any evidence which creates a duty for a reasonable used car dealer to do emission checks on vehicles before selling them. Foley failed to present an argument that the District Court’s comments substantially prejudiced his rights. See Rule 61, M.R.Civ.P.
We conclude that the District Court’s statement did not constitute reversible error.
*205 Issue 2
Did the District Court properly instruct the jury based on the evidence presented and the applicable law?
The District Court has discretion when deciding how to instruct a jury, taking into account the theories of the parties, and we will not overturn that decision absent an abuse of discretion. Arnold v. Boise Cascade Corp. (1993), 259 Mont. 259, 267, 856 P.2d 217, 222; Mannix v. Butte Water Co. (1993), 259 Mont. 79, 98, 854 P.2d 834, 846. When determining whether a jury was properly instructed, we will consider the instructions as a whole and in light of the evidence presented at trial. Brown v. North Am. Mfg. Co. (1978), 176 Mont. 98, 114, 576 P.2d 711, 721.
Foley takes issue with two jury instructions given by the District Court. First, Foley objects to Instruction No. 17, which states:
A used car dealer owes a duty to discover and repair any defects which are patent or discoverable in the exercise of ordinary care. However, the used car dealer’s duty does not extend to completely dismantling an automobile and then reassembling it before its resale. The duty only requires the used car dealer to use reasonable care to ascertain whether the car it sells is' equipped with the minimum essentials for safe operation.
This instruction was derived from two cases.
In Rogers v. Hilger Chevrolet Co. (1970), 155 Mont. 1, 465 P.2d 834, we held that the defendant, a used car dealer, “had a duty to discover and repair any defects which were patent or discoverable in the exercise of ordinary care.” Rogers, 155 Mont. 1, 465 P.2d at 837. This duty did not, however, extend to “completely dismantling an automobile and then reassembling it” in order to discover such defects. Rogers, 465 P.2d at 838. We reiterated this rule in Kopischke v. First Continental Corp. (1980), 187 Mont. 471, 480-81, 610 P.2d 668, 673.
In view of our previous case law, Instruction No. 17 is an accurate reflection of Montana law and was an appropriate jury instruction in the case at bar. Foley’s own evidence establishes that in order to discover one of the claimed “defects,” namely the cracks and holes in the trunk of the Mercury Cougar, it was necessary to remove the carpet from the floor of the trunk. Jury Instruction No. 17 is thus appropriate as applied to the facts and the law in this case.
Foley likewise claims error with Instruction No. 25, which states:
*206 Florence Foley, as the owner of a motor vehicle, owed a duty to maintain her motor vehicle in a reasonably safe condition.
Foley claims that Instruction No. 25 shifts the burden relating to the safety of the vehicle from the seller to the owner. Foley also claims that the instruction was taken from a case out of context and is not applicable to the facts in this case.
Jury Instruction No. 25 is taken from Aetna Cas. & Sur. Co. v. Condict (S.D. Miss. 1976), 417 F.Supp. 63. Aetna involved a vehicle owner’s duty to maintain his vehicle for the protection and safety of third parties. Aetna, 417 F.Supp. at 69. Harrison Avenue proposed, and the District Court adopted, the language from Aetna to be applicable to the case at bar. We see no reason why the rule from Aetna is not applicable to vehicle owners in general. It is not unduly burdensome to require a vehicle owner to maintain his or her vehicle in a reasonably safe condition. Such a duty is consistent with an individual’s general duty of ordinary care and was appropriate under the circumstances.
Jury Instruction No. 25 does not shift a burden from the seller to the buyer, but rather creates concurrent duties. The seller of used automobiles has a duty to discover and repair defects which are patent and discoverable through a reasonable inspection. After the vehicle has been sold, the owner has a duty to maintain the vehicle in a reasonably safe condition. The jury instructions, when read as a whole, do not shift a burden from the seller to the buyer, but rather suggest separate and distinct duties for each party.
The jury was properly instructed concerning the parties’ respective duties. Jury Instruction No. 17 explained the extent and scope of Harrison Avenue’s duty to inspect and repair its vehicles before sale. Jury Instruction No. 25 explained to the jury Mrs. Foley’s duty to maintain her vehicle after she purchased it. We conclude that Instruction No. 25 did not shift any burden to the plaintiff and that the jury instructions, taken as a whole, are an accurate reflection of the law.
We affirm.
JUSTICES HARRISON, NELSON and WEBER concur.