No. 95-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MIKE THOMPSON,

     Plaintiff and Respondent,

  v.

JAMES PRICE,

     Defendant and Appellant.

**FILED**

DEC 21 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James C. Bartlett; Hash, *O'Brien* & Bartlett,
Kalispell, Montana

    For Respondent:

        Tia R. Robbin; Murray & Kaufman, Kalispell,
Montana

Submitted on Briefs:  November 21, 1995

Decided:  December 21, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

James Price (Price) appeals from the Eleventh Judicial District, Flathead County, jury verdict awarding Mike Thompson (Thompson) damages for breach of contract, and from the District Court's order denying Price's Motion for a New Trial. We affirm.

Price presents three issues on appeal:

1. Did the District Court fail to properly instruct the jury on Price's theory of the case, specifically, the implied covenant of good faith and fair dealing?

2. Did the District Court properly exclude evidence of Thompson's prior experience and knowledge of the limited scope and enforceability of covenants not to compete?

3. Is the verdict contrary to the law or contrary to the evidence?

In June of 1989, Thompson and Price formed a carpet cleaning partnership called Thompson's Thoro Kleen. The carpet cleaning enterprise was initially owned by Thompson and was subject to a pre-existing business debt of approximately $25,000. Thompson sold one-half of the business to Price for approximately $13,000. In early 1990, Price and Thompson dissolved their partnership. They contracted that Price would pay Thompson approximately $25,000 in consideration for purchasing the business. The contract included a covenant not to compete which limited Thompson's future carpet

2

cleaning to his personal accounts from outside the **partnership,** "personal friends, and people affiliated with his accounts." Price received the business name, business phone number, a van, equipment, and some customers. However, Price did not pay Thompson the $25,000.

1. Did the District Court fail to properly instruct the jury on Price's theory of the case, specifically, the implied covenant of good faith and fair dealing?

Price argues that the District Court erred by not instructing the jury regarding the implied covenant of good faith and fair dealing. Price asserts that because every contract contains an implied covenant of good faith and fair dealing as a matter of law, the court should have given the jury Price's proposed instruction, MPI 13.17. Price's proposed instruction correctly stated the implied covenant of good faith and fair dealing based on both statutory and case law. Section 28-1-211, MCA; Talley v. Flathead Valley Comm. College (1993), 259 Mont. 479, 489, 857 P.2d 701, 707, cert. denied, 114 S.Ct. 691 (1994). The proposed instruction read as follows:

> There is an obligation of good faith in every contract. The obligation is breached if a party failed to exercise honesty in fact and observe reasonable commercial standards of fair dealing in the trade.

The court refused to instruct on the implied covenant on the grounds that Price did not plead breach of the covenant of good faith and fair dealing as a cause of action or as an affirmative defense.

The District Court has discretion in deciding how to instruct the jury, taking into account the parties' theories of the case,

and we will not overturn that decision absent an abuse of discretion. Foley v. Harrison Ave. Motor Co. (1994), 267 Mont. 200, 205, 883 P.2d 100, 102-03; Arnold v. Boise Cascade Corp. (1993), 259 Mont. 259, 267, 856 P.2d 217, 222. When reviewing jury instructions, we consider all the offered jury instructions as a whole, in light of the evidence presented at trial. Newville v. State Dep't of Family Servs. (1994), 267 Mont. 237, 261, 883 P.2d 793, 807; Foley, 883 P.2d at 103.

The covenant of good faith and fair dealing is implied into every contract. Talley, 857 P.2d at 707; Story v. City of Bozeman (1990), 242 Mont. 436, 450, 791 P.2d 767, 775. However, the standards for breach of the implied covenant are distinct and different from breach of other contract provisions. Story 9 1 P.2d at 775; § 28-1-211, MCA. In its Order and Rationale, the District Court determined that although every contract may contain an implied covenant of good faith and fair dealing, every contract action does not automatically contain a claim for breach of the implied covenant. Price pled breach of contract. He did not plead breach of the covenant, amend his pleadings to include breach of the covenant, nor invoke breach of the covenant as an affirmative defense.

The court correctly determined that by not pleading breach of the covenant, Price denied Thompson notice of this separate cause of action. McJunkin v. Kaufman & Broad Home Systems, Inc. (1987), 229 Mont. 432, 437, 740 P.2d 910, 913. As this Court has held: "liberal construction and amendment of pleadings does not grant

4

counsel carte *blanche* to advance new theories on an unsuspecting opponent." <u>McJunkin,</u> 748 P.2d at 913. In <u>McJunkin</u>, we held that the district court correctly refused to give a breach of express warranty instruction when that claim had not been pled. <u>McJunkin,</u> 748 P.2d at 914. We apply that reasoning here. Price is not entitled to a jury instruction on the implied covenant of good faith and fair dealing without having pled the covenant as a cause of action. The District Court did not abuse its discretion in refusing Price's offered jury instruction.

2. Did the District Court properly exclude evidence of Thompson's prior experience and knowledge of the limited scope and enforceability of covenants not to compete?

At trial, Price attempted to introduce testimony from Mike Olsen (Olsen). Olsen and Thompson had a previous contract that included a covenant not to compete. Price wanted to establish that Thompson knew that the language of the covenant not to compete in the Thompson/Price contract was unenforceable. Price argued that Olsen's testimony would show that Thompson knew the limits that Montana law places on covenants not to compete. <u>See</u> § 28-2-704, MCA. The testimony, asserts Price, would have revealed Thompson's shrewd business tactics and dishonesty.

However, the District Court granted Thompson's Motion in Limine restricting Olsen's testimony. The court excluded the testimony on the grounds that the previous Olsen/Thompson covenant not to compete used different language than the Price/Thompson covenant. Thus, the court determined the testimony was not probative of the issue whether Thompson knew the Price/Thompson

5

covenant not to compete was unenforceable. The court determined that the evidence would be inadmissible character evidence. Notwithstanding the Motion in Limine, Olsen testified about his previous business dealings with Thompson and offered his opinion regarding Thompson's business practices.

The determination of the admissibility of evidence is within the broad discretion of the trial court, and we will not disturb the court's ruling absent a manifest abuse of this discretion. King v. Zimmerman (1994), 266 Mont. 54, 65, 878 P.2d 895, 902. Outside of the narrow exceptions found in Rule 404, M.R.Evid., character evidence is specifically proscribed. See Rule 404, M.R.Evid.; Lindberg v. Leatham Bros., Inc. (1985), 215 Mont. 11, 23, 693 P.2d 1234, 1242. We agree with the District Court's determination that because the language of the two covenants not to compete was quite different, the Olsen testimony was irrelevant. We find no abuse of discretion in the District Court's exclusion of testimony regarding the covenant not to compete in the Olsen/Thompson contract.

3. Is the verdict contrary to the law or contrary to the evidence?

It is not the function of this Court to agree or disagree with the jury's verdict. Arnold, 856 P.2d at 220. Our role is to determine whether there was substantial evidence to support the verdict. Arnold, 856 P.2d at 220. Substantial evidence is evidence which a reasonable mind might accept as adequate to support a conclusion, even if the evidence is weak or conflicting. Arnold, 856 P.2d at 220.

6

Price contends that the jury's verdict was contrary to the law and contrary to the evidence. He asserts that he was excused from performing the contract because Thompson breached a previous contract with Olsen. Price apparently contends that the Thompson/Price contract required him, in part, to satisfy certain outstanding debts that Thompson's Thoro Kleen had with Olsen and two other parties. He argues that if Thompson had remained current on these obligations, the amount of the debts would have been reduced thereby reducing Price's obligation to Thompson. This argument ignores the fact that the indebtedness was merely used to arrive at a sum certain on the Thompson/Price contract; that Price agreed to pay this sum, regardless of whether the obligees agreed to an assignment of the obligations to Price. In fact, the obligees did not consent to an assignment of the debts. Thus, Thompson remained liable on the underlying debts. In turn, Price remained liable to Thompson for the full amount of the Thompson/Price contract, regardless of whether Thompson remained current on his independent debt obligations. Payments, or lack of payments, by Thompson on the underlying debts had no effect upon Price's separate obligation to pay Thompson the agreed upon consideration for the purchase of the business.

Contrary to Price's contention, the facts presented in this case fail to trigger the rule of law that if a contracting party materially breaches a contract, the injured party is entitled to suspend his performance. Liddle v. Petty (1991), 249 Mont. 442, 446, 816 P.2d 1066, 1068; Sjoberg v. Kravik (1988), 233 Mont. 33,

7

38, 759 P.2d 966, 969. We will not extend this well-established rule to cover the situation presented by this case, i.e., that Thompson's breach of a contract not at issue, entitles Price to suspend performance on a separate and distinct contract.

The District Court properly instructed the jury regarding the law concerning a party's breach of contract. The parties presented sufficient evidence for the jury to conclude that Thompson did not materially breach the contract and thus, that Price was not excused from performance. Therefore, based on our review of the record, we conclude that there was substantial evidence to support the verdict that Price was not excused from performing the Thompson/Price contract. We affirm the jury verdict.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

December 21, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

James C. Bartlett
Hash, O'Brien & Bartlett
P.O. Box 1778
Kalispell MT 59903-1178

Tia R. Robbin
Murray & Kaufman, P.C.
P.O. Box 728
Kalispell MT 59903-0728

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy